## APPEAL OF ESTHER REBER.

[ESTATE OF SAMUEL REBER, DECEASED.]

FROM THE DECREE OF THE ORPHANS' COURT OF BERKS COUNTY.

Argued March 6, 1889—Decided March 18, 1889.

[To be reported.]

The adjudication and allowance of a claim in the distribution of a decedent's estate by an auditor, followed by a decree of the Orphans' Court confirming the auditor's report, is as effective to toll the bar of the statute of limitations as would be a judgment at law, and in such case the statute is inoperative.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 144 January Term 1889, Supt. Ct.

On January 20, 1888, Esther Reber, executrix of Samuel Reber, deceased, filed her account showing a balance due the estate of $769.33. The account was called for adjudication on March 5, 1888, when the following facts were made to appear:

Samuel Reber died on May 10, 1886, leaving a widow, Esther, the executrix of his will, five children and a grandchild, the son of A. K. Reber, deceased. By his will dated January 30, 1883, he bequeathed all his estate to his widow for life; after her death his grandson was to receive one dollar, and the balance was to go to his children. The will was admitted to probate with a codicil, the date of which was not given, but which provided as follows:

Adjudication.

"Whereas I have given a note for $600 to my son, A. K. Reber, now deceased, payable after my death; my will is that the balance of the two notes I hold against my son, A. K. Reber, shall be deducted from the $600 note which I have given to him."

The note referred to in the foregoing codicil was as follows:

" I hereby acknowledge that is due from me, my heirs, executors, and administrators, to my son, A. K. Reber, six hundred dollars, for services rendered by him to me, after he attained the age of twenty-one years, and which services he rendered under an agreement with me that he should be paid for the same. And I hereby bind myself, my heirs, executors, and administrators, to pay to him, the said A. K. Reber, the said sum of six hundred dollars, the said sum not to be demanded during my lifetime, but to be due and payable out of my estate immediately upon and after my decease, and this being the payment of a debt is not to be deducted from his share in my estate as one of my children.

" Witness my hand and seal this day of April 20th, A. D. 1873.

"SAMUEL REBER. [SEAL.] "

The foregoing note being presented for allowance by the administratrix of A. K. Reber, deceased, objection to its payment in full was made by the accountant and legatee who then proved:

That A. K. Reber died on April 26, 1879, insolvent, and indebted to his father, Samuel Reber, on two notes, one for $617.50, due April 1, 1878, and the other for $100 due October 20, 1878; that in the distribution of the estate of A. K. Reber, deceased, by an auditor, the two notes had been presented and proved and dividends awarded to them of $295.18 and $76.93, respectively, leaving a total balance due thereon at the confirmation of the auditor's report, on January 9, 1883, of $498.57, which balance was claimed as a set-off against the amount due on Samuel Reber's note above quoted.

On April 21, 1888, the auditing judge, SCHWARTZ, P. J., filed an adjudication ruling that the testamentary provision cited was nugatory ; that the matter must be considered upon the contract rights of the parties, and proceeded:

Arguments.

Under these facts, it is now contended for A. K. Reber's estate that his said claim of $600, payable at Samuel Reber's death, is now payable out of this estate, with interest from Samuel Reber's death, amounting now to $672, and that the balance due on said two notes are barred by the statute of limitations.

For the testator's estate it is contended that the notes are not barred, but are a legal set-off against said claim. The payments thereon on settlement of A. K. Reber's estate do not in any way keep said notes alive or stay the statute from running. It cannot be held to have been a re-assumption to pay the claims. An administrator cannot make such promise. The laws give power to marshal the assets and settle his estate, but never to revive or keep alive his debts.

Could the executrix, upon suit being brought against her as representative of Samuel Reber's estate, by A. K. Reber's administratrix, for this claim in the Common Pleas, set off the balance due on these notes? I think not, and if so, it cannot be done in this proceeding. This question will arise and be passed on in the further adjudication of A. K. Reber's estate. The claim of $672 of A. K. Reber's administratrix is allowed.

A distribution having been ordered accordingly, the accountant and legatee filed various exceptions which on October 24, 1888, were dismissed and the adjudication confirmed absolutely. Thereupon the exceptant took this appeal, specifying that the auditing judge erred in decreeing that the balance due on the two notes of A. K. Reber could not be set off against the claim upon the bill single, because barred by the statute of limitations.

*Mr. Garrett B. Stevens*, for the appellant:
Cited: Yorks' App., 110 Pa. 69; McWilliam's App., 117 Pa. 111; Arndt's, 117 Pa. 120.

*Mr. C. H. Schaeffer*, for the appellee:
1. A. K. Reber having died April 26, 1879, and Samuel, the father, having died May 10, 1886, the notes were certainly barred before his death: Amole's Admr.'s App., 115 Pa. 356; Marsteller v. Marsteller, 93 Pa. 353. Being barred before his

death, they cannot be set off against a share in his estate, or against a debt due by his estate: Reed v. Marshall, 90 Pa. 345; Milne's App., 99 Pa. 483. The last cited case is almost identical with this case, and rules it.

2. The allowance of a dividend to these notes by the auditor, in his report confirmed on January 9, 1883, did not operate to toll the bar of the statute. Payment by an assignee of an insolvent is not evidence of a promise to pay a debt barred by the statute: Bunn v. Drovin, 2 Phila. 306; Read v. Johnson, 1 R. I. 81; Bindley's App., 69 Pa. 295. The presentation of a claim or proving a debt in bankruptcy does not suspend the running of the statute: Milne's App., 99 Pa. 491; nor does the adoption of a mistaken remedy: Todd's App., 24 Pa. 429.

OPINION, MR. CHIEF JUSTICE PAXSON:

When Abraham K. Reber died, April 26, 1879, he owed his father, Samuel Reber, a certain amount of money, represented by two promissory notes; one of $617.50, due April 1, 1878, the other of $100, due October 20, 1878. His estate was insolvent, and when the account of his administratrix was referred to an auditor, Samuel Reber presented these notes: they were adjudicated by the auditor; the sum of $295.18 was allowed and paid upon the one note and $76.93 upon the other.

Samuel Reber, the holder of these notes, died May 10, 1886. On April 20, 1873, he had delivered to his son Abraham a note or writing under seal, acknowledging his indebtedness to his said son in the sum of $600. Upon the adjudication of the account of the executrix of Samuel Reber, the administratrix of Abraham presented this paper as a claim against the estate of Samuel. This claim the executrix of Samuel resisted, and presented the two notes aforesaid, and insisted upon her right to set off the balance due thereon. This claim the learned judge of the Orphans' Court disallowed upon the ground that the notes in question were barred by the statute.

It was decided in Keyser's Appeal, 124 Pa. 80, following Yorks' Appeal, 110 Pa. 69, that the statute of limitations cannot be tolled by anything short of a suit at law, or what is its equivalent in the Orphans' Court; that a mere demand upon an executor is not such equivalent and does not toll the statute. But there was something more than a demand upon the execu-

tor in the present case. There was the presentation of the notes to an auditor appointed to make distribution of the estate of the maker of the notes ; there was an adjudication and allowance of the claim, and a payment on account in pursuance thereof. The liability of the maker of the notes was thus established by the decree of the Orphans' Court. The auditor is but the hand of that court, and his decree becomes the decree of that court. This is something more than the presentation of the claim to an executor or administrator. It is the decree of a court of competent jurisdiction, and is as effectual to toll the statute as would be a judgment at law. I concede the position of the court below that this was not a re-assumption to pay the notes, and that an administrator cannot make such a promise. It is not, however, a question of re-assumption. It is a question of adjudication ; of the establishment of the claim in the Orphans' Court. When so established the statute has no application.

The decree is reversed at the costs of the appellee, and the record is ordered to be remitted to the Orphans' Court, with instructions to make distribution in accordance with the principles indicated in this opinion.